# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

**JESSICA CASTRO,**

     Plaintiff,

                                      **CASE NO. 3:19-cv-02058**

**v.**

                                      **JURY DEMAND**

**TACO VENTURE VII, LLC d/b/a**
**FUZZY'S TACO SHOP, and EDDIE WHITE**
**Individually,**

     Defendant(s)**.**

_____/

## FIRST AMENDED COMPLAINT1 AND DEMAND FOR JURY TRIAL

     Plaintiff, JESSICA CASTRO, brings this action and First Amended Complaint for damages and demand for jury trial against Defendant, TACO VENTURE VII, LLC D/B/A FUZZY'S TACO SHOP, a Domestic for Profit Corporation, and EDDIE WHITE, an individual, and states as follows:

### PRELIMINARY STATEMENT

     1.     In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Plaintiff, with unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. § 2612(a)(1).  An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work.  29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to

---

1 Ms. Castro files this Amended Complaint as a matter of right pursuant to Fed.R.Civ. P. 15, and this Court's Order [D.E. 15].

exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

2.      Title VII of the Civil Rights of 1964 ("Title VII") forbids a covered employer to "discriminate against any individual with respect to... terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1).  The Pregnancy Discrimination Act of 1978 (the "PDA"), amended Title VII to specifically prohibit sex discrimination on the basis of pregnancy.  The definition of "because of sex" or "on the basis of sex" was amended to state: (1) because of or on the basis of pregnancy, childbirth, or related medical conditions; and (2) women affected by pregnancy, childbirth, or related medical conditions "shall be treated the same for all employment-related purposes. . .  as other persons not so affected but similar in their ability or inability to work. . . ."  42 U.S.C. 2000e(k)(defining "because of sex" or "on account of sex").  As such, it is unlawful to discriminate against an employee because of or on the basis of her pregnancy or pregnancy related medical condition, as well as to deny her reasonable accommodations related to her pregnancy related medical conditions.  *See generally, Young v. United Parcel Serv., Inc.,* 135 S. Ct. 1338, 191 L. Ed.2d 279 (2015) (establishing framework from which to determine pregnancy related failure to accommodate claims).

3.      Additionally, as noted by the Supreme Court in *Young*:

> "[s]tatutory changes made after the time of Young's pregnancy may limit the future significance of our interpretation of the Act. In 2008, Congress expanded the definition of 'disability' under the ADA to make clear that 'physical or mental impairment[s] that substantially limi[t]' an individual's ability to lift, stand, or bend are ADA-covered disabilities.  ADA Amendments Act of 2008, 122 Stat. 3555, codified at 42 U.S.C. §§ 12102(1)-(2). As interpreted by the EEOC, the new statutory definition requires

> employers to accommodate employees whose temporary lifting
> restrictions originate off the job. See 29 CFR pt. 1630, App., §
> 1630.2(j)(1)(ix). We express no view on these statutory and
> regulatory changes.

135 S. Ct. at 1348.

4.     Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

5.     Plaintiff was employed by Defendants as a salaried (misclassified) exempt assistant manager and was required to work approximately 55-65 hours a week. While a manager in name only, Ms. Castro was required to spend the majority of her time performing non-exempt work duties and functions such as acting as a cashier and a cook.  Ms. Castro was paid a salary and did not receive any additional compensation for her overtime hours worked in excess of 40 hours in a work week.  On or about October 26, 2016, Ms. Castro disclosed she was pregnant to Eddie White and the other management.  In or around November, Ms. Castro experienced severe pain in connection with her pregnancy and was advised that her baby was not attaching properly. The doctor recommended that she work reduced hours for a few weeks and also provided lifting restrictions.  Ms. Castro notified Eddie White that she would need to reduce her hours to approximately 40 hours a week, and would not be able to work the 55-65 hours she previously worked.  Immediately upon finding out that Ms. Castro had a high risk pregnancy, Eddie White

3

attempted to reassign Ms. Castro to a location farther away from her home, and changed Ms. Castro to an hourly manager reducing her hours to 20-25 per week instead of the 40 she requested.  Ms. Castro complained about the reduction in hours, and the attempt to move her to a different location.  After most of Ms. Castro's restrictions were lifted, instead of returning Ms. Castro to a full time manager, Mr. Eddie White further demoted Ms. Castro to an hourly cook position and removed Ms. Castro's keys and ability to arm/disarm the alarm systems for purposes of closing.   Ms. Castro again complained of the way she was treated.  Ms. Castro was written up, and ultimately terminated.  The Defendants reasons for termination are pretextual and were fabricated post-hac after it became aware of her pregnancy and her complaints of discrimination and retaliation.   Plaintiff seeks: (i) unpaid overtime wages in whatever amount she is found to be entitled (FLSA); (ii) an equal amount of liquidated damages (FLSA); (iii) compensatory damages in whatever amount she is found to be entitled (ADA, FMLA and Title VII/PDA); (iv) liquidated damages in whatever amount she is found to be entitled (FMLA); (v) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

<u>**JURISDICTION AND VENUE**</u>

6.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and the FMLA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 *et. seq.* and Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, as amended ("ADA") *See* 42 U.S.C. § 2000e *et. seq.;* 42 U.S.C. § 12101 *et.seq.*; and 42 U.S.C. § 1981a and pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act, as amended (29 U.S.C. §201, <u>et</u> <u>seq</u>., hereinafter

called the "FLSA").

7.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Northern District of Texas, Defendants conduct substantial and not isolated business within the Northern District of Texas, Defendants have agents and employees in the Northern District of Texas, and Defendants' business is located within Dallas County, in the Northern District of Texas.

## SATISFACTION OF CONDITIONS PRECEDENT

8.     Plaintiff has exhausted her administrative remedies by dual filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights.

9.     On or about May 30, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter (hereinafter referred to as "EEOC Right to Sue letter").  A copy of this Right to Sue letter is attached as **EXHIBIT A.**

10.    Plaintiff files this action within the applicable period of limitations.

11.    All conditions precedent to this action have been satisfied and/or waived.

## PARTIES

12.    At all times material to this action, Plaintiff JESSICA CASTRO, ("Plaintiff" or "Castro") was a resident of Irving, Texas.

13.    At all times material to this action, Defendant TACO VENTURE VII, LLC D/B/A FUZZY'S TACO SHOP, ("Fuzzy's" or "Defendant"), was and continues to be a Domestic for Profit Corporation with its headquarters and principal place of business in Irving, Texas.

14.    At all times material to this action, Defendant Eddie White ("White" or "Defendant"), is an individual residing in Texas, and is designated as the owner or registered

agent of Fuzzy's within this judicial district.

15.    At all times material hereto, Eddie White regularly held and/or exercised the authority to hire and fire employees of Fuzzy's as an owner of Fuzzy's.

16.    At all times material hereto, Eddie White regularly held and/or exercised the authority to supervise and/or determine work schedules or conditions of employment for the employees of Fuzzy's as an owner of Fuzzy's.

17.    At all times material here to, Eddie White regularly held and/or exercised the authority to set and change the rates of pay for the employees of Fuzzy's as an owner of Fuzzy's.

18.    At all times material hereto, Eddie White regularly held and/or exercised the authority to control the finances and operations of Fuzzy's an owner of Fuzzy's.

19.    At all times material hereto, Eddie White acted as the daily operations manager for Fuzzy's responsible for the day to day operations including the human resource functions for the location at which Ms. Castro was employed.

20.    By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of Fuzzy's; (b) supervise and/or determine the work schedules or conditions of employment for the employees of Fuzzy's; (c) set and change the rates of pay; (d) control the finances and operations of Fuzzy's; and (e) handle the day to day operations including the human resources for employees, and more specifically Ms. Castro, Eddie White, is an employer as defined by the FLSA and the FMLA.

21.    At all times material hereto, Defendant Fuzzy's was an "employer" covered by and within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") by the Pregnancy Discrimination Act, ("PDA") 42 U.S.C. §§ 2000e, Section 701 (b).

22.    At all times material hereto, Plaintiff was an "employee" of Defendant Fuzzy's

6

covered by and within the meaning of Title VII as amended by the PDA 42 U.S.C. §§ 2000e, Section 701 (f).

23.    At all relevant times, Defendant Fuzzy's was a "Person" covered by and within the meaning of Title VII as amended by the PDA, 42 U.S.C. §§ 2000e, Section 701 (a).

24.    The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

25.    Defendants are each an employer as defined under the FMLA.

26.    Defendants' jointly employed Plaintiff.

27.    "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

28.    Defendant Fuzzy's is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

29.    At all times relevant hereto, Plaintiff worked at a location where Defendant Fuzzy's employed 50 or more employees within 75 miles.

30.    At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

31.    At all relevant times Defendant Fuzzy's was an "Employer" as that term is

defined by the Americans with Disabilities Act, as amended, 42 U.S.C 12101, et. seq. (the "ADA"), Section 12111(a)(5).

32.     At all relevant times Plaintiff was an "Employee" as that term is defined by the ADA, Section 12111(a)(4).

33.     At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §§ 12102(1) and (2) related to her pregnancy, and/or was regarded as having a disability under 12102(3).  Specifically, Plaintiff's pregnancy was high risk, requiring her to work a reduced schedule and then under doctor's orders was put on bed rest for a few days.  Plaintiff made this known to Defendant and provided Defendant with a note from her physician.

34.     Plaintiff is protected by the provisions of the ADA and Title VII.

35.     By virtue of her pregnancy and pregnancy related serious medical condition, Plaintiff is protected by the FMLA.

36.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, by virtue of her sex, gender, pregnancy and pregnancy related medical condition.

37.     At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

38.     At all times material hereto, Defendants were each Plaintiff's "employer" within the meaning of the FLSA.

39.     Each Defendant was and continues to be an "employer" within the meaning of the FLSA.

40.     Defendants jointly employed Plaintiff for purposes of the FLSA.

41.     At all times material hereto, Defendants were and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

42.    At all times material hereto, Defendants were and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

43.    At all times material hereto, Defendants were and continue to be, an enterprise engaged in the "production of good for commerce" within the meaning of the FLSA.

44.    At all times material hereto, the annual gross revenue of Defendants was in excess of $500,000.00 per annum.

45.    At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

46.    At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

47.    At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## GENERAL ALLEGATIONS

48.    On or about May 5, 2015, the Defendants hired the Plaintiff to work as a cashier in the Fort Worth Alliance store.

49.    In 2016 the Plaintiff moved to two other locations and in March 1, 2016 the Plaintiff was promoted to the position of a salaried Assistant Manager and transferred to the Arlington Abram location.

50.    In May 2016 she was transferred to the Irving Las Colinas location where she remained until her termination on January 15, 2017.

51.    On information and belief, Mr. White was responsible for the day to day operations and management of the Irving Las Colinas location where Ms. Castro worked.

52.    Plaintiff advised Mr. White, as well as other members of management when she learned she was pregnant.

53.    Additionally, the Plaintiff advised Mr. White, as well as other members of management that her pregnancy was considered a "high risk pregnancy."

54.    Ms. Castro regularly discussed management and human resource issues with Eddie White, and on information and belief, it was Mr. White who made decisions on behalf of Fuzzy's with respect to Ms. Castro and other employees at the Irving Las Colinas Location.

55.    The Plaintiff and her physician requested that she be placed on a 40 hour workweek schedule.  This request was made to Eddie White as well as other members of management.

56.    Plaintiff was scheduled to work, and regularly worked between 55 and 65 hours each week that she was a misclassified exempt salaried assistant manager, until the time she was shifted to an hourly management position in November 2016.

57.    Plaintiff's primary job duties regularly and systematically included the performance of non-exempt cashier and cook work for which Fuzzy's paid hourly.

58.    Further, Fuzzy's also maintained an hourly assistant manager position that was identical to the position held by Plaintiff except with respect to the number of hours worked.

59.    Ms. Castro was misclassified as an exempt salaried assistant manager and did not receive overtime compensation at the federally mandated overtime rate, for all of her hours worked over forty (40) in a given work week.

60.    Defendants' failed to compensate Ms. Castro at a rate of one and one half (1.5) times her regular hourly wage for all hours worked in excess of forty (40) hours per week.

61.    As the manager responsible for day to day scheduling and salary decisions, on

information and belief, Mr. White knew or acted with reckless disregard of the law by failing to pay Ms. Castro one and one half (1.5) times her regular hourly wage for all hours worked in excess of forty (40) hours per week.

62.    After Plaintiff requested a reduced hourly schedule to 40 hours a week, and advised Mr. White, Ms. Castro's full time managerial position was taken away.

63.    Ms. Castro was reduced to an hourly position that was sometimes an hourly assistant manager position, a cashier position, or a cook position, depending on how she was scheduled.

64.    Further, Ms. Castro's management codes and keys were taken away.

65.    Despite requesting a 40 hour a week schedule, Ms. Castro was limited to 20-25 hours per week.

66.    Plaintiff complained that the actions taken by Defendants were discriminatory and retaliatory.

67.    Afterwards, the Plaintiff was subjected to disciplinary action, and her position was threatened.

68.    In December 2016, the Plaintiff was also written up for alleged performance issues that were false and pretextual in nature, and created post-hoc after engaging in protected activity.

69.    On December 31, 2016, the Plaintiff collapsed at work and an ambulance was called to take Ms. Castro to the hospital.

70.    Defendants, more specifically, Mr. White, failed to provide Plaintiff with notice of her FMLA rights upon her notifying them of either her pregnancy, or her emergency need for medical care.

71.     Subsequent thereto the Plaintiff presented the Defendants with a note from her physician allowing her to return to work, with a lifting restriction only; otherwise she was able to perform all the duties of her position.

72.     Ms. Castro texted Mr. White and told him that she could return to work full time, and that she was released to work by her physician.

73.     Since there was no longer a need for a reduced hourly schedule, Defendants, more specifically, Mr. White, failed to return Ms. Castro to her full time managerial position even though her doctor allowed her to return to work, with minimal lifting restrictions.

74.     Plaintiff was, at all times material hereto, qualified to perform the duties of her position.

75.     Despite her qualifications and medical clearance, Ms. Castro was further limited in the number of hours she could work, and further demoted to a cook position.

76.     Ms. Castro complained about this additional discriminatory treatment.

77.     When Ms. Castro complained about being demoted to a cook position, she was advised that she could either cook or go home.  Ms. Castro opted on at least one occasion to go home as instructed.

78.     Ms. Castro was later scheduled as a "manager", on occasion, however her hours were never increased to full time nor was her salary reinstated.  Further, she was never provided keys and she was not provided alarm system codes.  As a result, she was a manager in name only without any managerial authority.

79.     Prior to her pregnancy the Plaintiff was an exemplary employee with no write-ups or disciplinary action.

80.     On January 15, 2017, Ms. Castro was scheduled and clocked in as a cashier.

81.    When she discussed her scheduled role as cashier with Aaron Smith, general manager, she was told that she could go home for the day. Ms. Castro left as instructed.

82.    Ms. Castro was later terminated via text message for "abandoning" her shift.

83.    During Ms. Castro's unemployment hearing she was provided with alleged write-ups supporting new and previously undisclosed reasons for her termination that included alleged insubordination and poor performance.

84.    The write ups were all processed on January 30, 2017 (despite her termination on 1/15/17 via text message), however they referenced alleged incidents as early as December.

85.    Ms. Castro was never provided with these alleged write-ups nor was she ever counselled or advised that her position was in jeopardy for the reasons alleged.

86.    Further, Mr. White, in his interview with unemployment acknowledged that Ms. Castro was placed in a cashier position due to her pregnancy and pregnancy related "limitations."

87.    The reason for Ms. Castro's termination are pretextual in nature and created post-hoc after Ms. Castro disclosed her pregnancy, requested a reasonable accommodation, and engaged in repeated protected activity complaining of the discriminatory and retaliatory conduct she was subjected to while working for Defendants.

88.    The Defendant's discriminatory termination of Plaintiff's employment on January 15, 2017, was in violation of the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq*.

89.    Defendants, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of her employment as envisioned by Title VII and the PDA.

90.    Defendants' discriminatory practices and discriminatory conduct were intentional,

reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and were based on Plaintiff's pregnancy.

91.    Defendants' termination of Plaintiff was a part of its concerted discriminatory effort to not hire employees who are pregnant and to remove employees who become pregnant from its workforce.

92.    With respect to the conduct described herein, Defendants acted willfully, maliciously, and with reckless indifference to Plaintiff's protected rights.

93.    Mr. White had direct and actual knowledge of Ms. Castro's need for FMLA leave and failed to provide notice of her FMLA rights and terminated Ms. Castro with the knowledge that she would need FMLA protected leave in the future.

94.    Further, Mr. White had direct and actual knowledge of Ms. Castro working as a misclassified exempt managerial employee without appropriate overtime compensation and failed to correct the violation.

95.    As a result of Defendants' conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear, dignitary harm, as well as incurred attorneys' fees and expenses.

96.    As a result of Defendants' conduct, Plaintiff has lost income, continued employment, enjoyment of life, and other privileges and benefits of employment.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
**ACT OF 1964 AMENDED BY THE PREGNANCY DISCRIMINATION ACT (Against**
**Fuzzy's Only)**

97.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-96 as if fully set forth herein.

98.    Pursuant to Title VII as amended by the PDA, 42 U.S.C. §2000e Section 703 (a) "It shall be an unlawful employment practice for an employer  - (1) to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

99.    Title VII, as amended by the PDA, at 42 U.S.C. § 2000e (k) provides that discrimination based on sex includes discrimination based on pregnancy.

100.    As a pregnant female, Plaintiff was a member of a protected class at the time of her termination.

101.    Plaintiff was qualified for her position.

102.    Plaintiff was subjected to numerous instances of adverse and discriminatory employment by the defendant, the terms, conditions, or privileges of her employment were significantly reduced after she disclosed her pregnancy to Defendant, thereby establishing a causal connection between Plaintiff's pregnancy and Defendant's decision to terminate her employment.

103.    Defendant's termination of Plaintiff was unlawful sex discrimination on the basis of Plaintiff's pregnancy in violation of Title VII, as amended by the PDA, 42 U.S.C. §2000e, *et seq*.

104.    Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff's rights.

105.    As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish,

stress, and anxiety.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

a.    Award Plaintiff appropriate back pay and lost benefits;

b.    Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if reinstatement is not feasible, awarding Plaintiff front pay and benefits;

c.    Award Plaintiff compensatory and punitive damages;

d.    Grant Plaintiff costs and reasonable attorney's fees, and

e.    Grant any other relief that the Court deems appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AMENDED BY THE PREGNANCY DISCRIMINATION ACT (Against Fuzzy's Only)

106.    Plaintiff realleges and adopts the allegations contained in paragraphs 1-96 as if fully set forth herein.

107.    Plaintiff was subjected to numerous instances of adverse and discriminatory employment by the defendant, the terms, conditions, or privileges of her employment were significantly reduced after she disclosed her pregnancy to Defendant, thereby establishing a causal connection between Plaintiff's pregnancy and Defendant's decision to terminate her employment.

108.    The Plaintiff voiced her objections to the Defendant regarding her reduction in position, pay and hours and the continuous discipline and harassment she was subjected to, in

16

response the Defendant terminated the Plaintiff's employment.

109.    The Plaintiff in voicing her objection to the Defendant and/or corporate officials, was opposing conduct that she believed in good-faith was unlawful.

110.    Defendant's retaliatory treatment, in terminating the Plaintiff's employment, constitutes an unlawful employment practice in violation of 42 U.S.C. § 2000e-3(a), and subjects the Defendant to liability for the damages suffered by the Plaintiff.

<u>REQUEST FOR RELIEF AS TO COUNT II</u>

WHEREFORE, Plaintiff prays that this Court will:

a.    Award Plaintiff appropriate back pay and lost benefits;

b.    Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if  reinstatement is not feasible, awarding Plaintiff front pay and benefits;

c.    Award Plaintiff compensatory and punitive damages;

d.    Grant Plaintiff costs and reasonable attorney's fees, and

e.    Grant any other relief that the Court deems appropriate.

<u>COUNT III</u>
<u>DISCRIMINATION IN VIOLATION OF THE ADA (Against Fuzzy's Only)</u>

111.    Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-96 as if fully set forth herein.

112.    Plaintiff is a qualified individual under 42 U.S.C. § 12111(8) in that she has a pregnancy related disability and/or Defendant perceives her to have a disability, she has the requisite education and skills to perform and can perform the essential functions of her position, and either held or desired to hold a position with Defendant.

17

113.    Defendant is an "employer" within the meaning of the ADA.

114.    Plaintiff was a qualified employee.

115.    Plaintiff engaged in protected activity under the ADA.

116.    Defendant targeted plaintiff and treated her differently and worse than other employees after she disclosed her pregnancy related disability and requested a reasonable accommodation.

117.    Additionally, Defendant terminated Plaintiff after she disclosed her pregnancy related disability after she requested a reasonable accommodation.

118.    Defendant terminated Plaintiff, in whole or in part, because of her pregnancy related disability and request for reasonable accommodation.

119.    Defendant wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of her disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

120.    Plaintiff has been damaged by Defendant's violation of the ADA and suffered damages, which include past and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, humiliation, inconvenience, loss of enjoyment of life, other non-pecuniary losses and caused irreparable harm for which there is no adequate remedy at law.

121.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

122.    The conduct of Defendant was so willful and wanton and in such reckless

disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

123.    Plaintiff is entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## REQUEST FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that this Court will:

a.    Award Plaintiff appropriate back pay and lost benefits;

b.    Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if  reinstatement is not feasible, awarding Plaintiff front pay and benefits;

c.    Award Plaintiff compensatory and punitive damages;

d.    Grant Plaintiff costs and reasonable attorney's fees, and

e.    Grant any other relief that the Court deems appropriate.

## COUNT IV
## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA (Against Fuzzy's Only)

124.    Plaintiff re-alleges and readopts the allegations contained in paragraphs 1-96 as if fully set forth herein.

125.    Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with pregnancy related disabilities.

126.    During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA.

127.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of her pregnancy related disability.

128.    Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

129.    During the time Plaintiff was employed by Defendant, she exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for her pregnancy related disability.

130.    Defendant coerced, intimidated, and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the ADA.

131.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

132.    Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA.

133.    Defendant received Plaintiff's request for a reasonable accommodation, and thereafter terminated her employment.

134.    Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of her request for a reasonable accommodation in connection with her pregnancy related disability.

135.    Under the ADA, Defendant was legally obligated to refrain from retaliating against Plaintiff because of her objection to illegal discrimination based on her disability.

136.    Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her disability and requested a

reasonable accommodation, and complained when she was subjected to discrimination and harassment as a result.

137.    As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages, which include past and future wages and benefits, loss of professional opportunities, loss of reputation, loss of savings and benefits, emotional distress, mental pain and anguish, humiliation, inconvenience, loss of enjoyment of life, other non-pecuniary losses and caused irreparable harm for which there is no adequate remedy at law.

138.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

139.    The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

140.    Plaintiff is entitled to any and all relief permitted under the ADA, 42 U.S.C. § 12117(a), including equitable relief.

## REQUEST FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

a.    Award Plaintiff appropriate back pay and lost benefits;

b.    Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the

alternative, if reinstatement is not feasible, awarding Plaintiff front pay and benefits;

      c.      Award Plaintiff compensatory and punitive damages;

      d.      Grant Plaintiff costs and reasonable attorney's fees, and

      e.      Grant any other relief that the Court deems appropriate.

**COUNT V**
**INTERFERENCE WITH FMLA RIGHTS (Both Defendants)**

141.    Plaintiff re-alleges paragraphs 1 through 96 of the Complaint, as if fully set forth herein.

142.    At all times relevant hereto, Defendants interfered with Plaintiff's right to take leave from work under the FMLA.

143.    At all times relevant hereto, Defendants interfered with Plaintiff's right to be reinstated to her or an equivalent position.

144.    At all times relevant hereto, Defendants interference with Plaintiff's right to take leave violated the FMLA.

145.    At all times relevant hereto, Defendants interference with Plaintiff's right to reinstatement violated the FMLA.

146.    Plaintiff suffered from a disability (high risk pregnancy) that also qualifies as a "serious health condition" within the meaning of the FMLA.

147.    Plaintiff was also treated for her serious health condition on an emergency basis that required an overnight stay at the hospital.

148.    Plaintiff's condition was "chronic" within the meaning of the FMLA.

149.    Plaintiff was entitled to FMLA protected leave.

150.    Defendants are subject to the requirements of the FMLA.

151.    Plaintiff disclosed and provided adequate notice to her employer of her need for eventual leave for the birth of her child and they interfered with her right to take FMLA leave by terminating her employment.

152.    Upon leaving work by ambulance related to her high risk pregnancy, Defendants failed to reinstate Plaintiff to the same or similar position with similar hours and job duties.

153.    Defendants were aware of Plaintiff's pregnancy and her need for FMLA protected leave.

154.    Upon learning of Plaintiff's need for leave that did qualify or could potentially qualify under the FMLA, Defendants interfered with Plaintiff's right to take FMLA and terminated her employment.

155.    Plaintiff had not exhausted her entitlement to FMLA leave at the time.

156.    By terminating Plaintiff, Defendants interfered with Plaintiff's right to take FMLA protected leave and to future FMLA benefits.

157.    By terminating Plaintiff, Defendants failed to provide Plaintiff with a meaningful reinstatement.

158.    Plaintiff was denied benefits to which she was entitled under the FMLA.

159.    As a result of Defendants' intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

160.    Plaintiff is entitled to liquidated damages because Defendants cannot show that the violation of the FMLA was in good faith.

161.    Defendants' violation of the FMLA was willful, as Mr. White as well as other managers engaged in the above-described actions while knowing that same were impermissible

under the FMLA.

### REQUEST FOR RELIEF AS TO COUNT V

WHEREFORE, Plaintiff prays that this Court will:

a.      Award Plaintiff appropriate back pay and lost benefits;

b.      Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if reinstatement is not feasible, awarding Plaintiff front pay and benefits;

c.      Award Plaintiff an equal amount of liquidated damages;

d.      Grant Plaintiff costs and reasonable attorney's fees, and

e.      Grant any other relief that the Court deems appropriate.

### COUNT VI
### RETALIATION IN VIOLATION OF THE FMLA (Against Both Defendants)

162.    Plaintiff re-alleges paragraphs 1 through 96 of the Complaint, as if fully set forth herein.

163.    At all times relevant hereto, Defendants retaliated against Plaintiff, at least in part because Plaintiff exercised her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

164.    With actual knowledge of Plaintiffs return from leave, need for future leave, disability and/or chronic serious health condition, Defendants terminated Plaintiff's employment.

165.    Plaintiff disclosed and provided adequate notice to her employer of her need for emergency leave and eventual leave for the birth of her child and they interfered with her right to take FMLA leave be terminating her employment.

166.    Defendants were aware of Plaintiff's pregnancy and her need for FMLA protected

24

leave.

167.    Upon learning of Plaintiff's need for leave that did qualify or could potentially qualify under the FMLA, Defendants interfered with Plaintiff's right to take FMLA and terminated her employment.

168.    Plaintiff had not exhausted her entitlement to FMLA leave at the time.

169.    At all times relevant hereto, Defendants retaliated against Plaintiff in violation of the FMLA.

170.    As a result of Defendants' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

171.    Because Defendants cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

172.    Defendants' violation of the FMLA was willful, as Mr. White as well as other managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

## **REQUEST FOR RELIEF AS TO COUNT VI**

WHEREFORE, Plaintiff prays that this Court will:

a.    Award Plaintiff appropriate back pay and lost benefits;

b.    Order Defendant to place Plaintiff in the position in which she would have been absent Defendant's unlawful discrimination/retaliation, or, in the alternative, if reinstatement is not feasible, awarding Plaintiff front pay and benefits;

c.    Award Plaintiff an equal amount of liquidated damages;

d.    Grant Plaintiff costs and reasonable attorney's fees, and

e.    Grant any other relief that the Court deems appropriate.

## COUNT VII
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION (Against Both Defendants)

173.    Plaintiff realleges and reavers paragraphs 1 through 96 of the Complaint as if fully set forth herein.

174.    From at least March 1, 2016 and continuing until her demotion in November 2016, the Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

175.    Plaintiff was misclassified as an exempt salaried employee.

176.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

177.    At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

178.    To date, Defendants continue to fail to pay their "Salaried Assistant Manager" employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

179.    Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Salaried Assistant Managers, including Plaintiff, at the statutory rate of one and one-half times their  regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

180.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

181.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

182.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

<u>**REQUEST FOR RELIEF AS TO COUNT VII**</u>

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b.    An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid wages and overtime compensation due under the FLSA;

d.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

e.    An award of prejudgment and post judgment interest;

f.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 25th day of November , 2019.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By:_____/s/ *Paul M. Botros*_____
**Paul M. Botros, Esq.**
**Federal Bar ID 37216**
**TX Bar. No. 24040548**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone:    (954) WORKERS
Facsimile:    (954) 327-3017
Email: pbotros@forthepeople.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent, on this day November 25, 2019, via CM/ECF upon all attorneys and parties of record.

By: */s/  Paul M. Botros*_____
Paul M.. Botros

28