UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JESSICA CASTRO, an Individual**

    **Plaintiff,**

v.                                                    **Case No.   3:19-cv-02058-N**

**TACO VENTURE VII, LLC d/b/a
FUZZY'S TACO SHOP and
EDDIE WHITE, Individually,**

    **Defendant(s).**

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT EDDIE WHITE'S RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [D.E. 20]

Pursuant to the Federal Rules of Civil Procedure, the Local Rules for the Northern District of Texas, and this Court's Order extending Plaintiff's response deadline [D.E. 24], Plaintiff, JESSICA CASTRO ("Plaintiff"), files her Response in Opposition to Defendant, EDDIE WHITE's ("Defendant"), Renewed Motion to Dismiss Plaintiff's First Amended Complaint [D.E. 20] and states:

### INTRODUCTION

Taking all of the allegations in the complaint as true, Plaintiff, Jessica Castro was: (i) fired by the Defendants, while pregnant, after requesting reasonable accommodations due to complications arising from her pregnancy; (ii) a misclassified salaried assistant manager; (iii) retaliated against due to her need for and taking FMLA protected leave; (iv) subjected to FMLA interference; and (v) subjected to Mr. White's knowing and reckless disregard of the legal requirements of the FLSA and FMLA.  Of the two defendants, only Eddie White seeks dismissal of this matter for an alleged failure on the part of Ms. Castro to adequately plead that he willfully

engaged in any violations of the FMLA or the FLSA. Defendant's motion to dismiss should respectfully be denied.

The issue of willfulness is a fact question best left to a jury, and normally arises as an affirmative defense to the complaint. Here, Mr. White requests the extraordinary remedy of dismissal before any discovery has taken place. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). Other courts within the Northern District of Texas have refrained from granting dismissal, under the same or similar circumstances, due to the premature nature of such requests without the benefit of discovery since willfulness is necessarily a factual issue to be developed. *See Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 686–87 (N.D. Tex. 2018)(Denying the defendant's motion to dismiss at the early stage of the litigation and declining to make a determination as to whether or not Defendant's conduct was willful); *Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016)(denying motion to dismiss based on willfulness)(citing *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *5 (S.D. Tex. Jan. 30, 2014) (finding it would be premature to dismiss allegations that defendants willfully violated the FLSA at the motion to dismiss stage) and (*Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit of discovery")); *Perkins v. Total Bldg. Maint., Inc.*, No. 3:14-CV-2398-B, 2015 WL 1609193, at *3–4 (N.D. Tex. Apr. 7, 2015)(denying motion to dismiss since the issue of "willfulness contains a question of fact that cannot be resolved at this stage in the proceedings," and further finding that the motion to dismiss was premature.); *see also McCraney v. Oncor Elec. Delivery Co. LLC*, No. 3:18-CV-1402-L, 2019 WL 718752, at *1 (N.D. Tex. Feb. 20, 2019) (denying motion to dismiss based on limitations grounds where amended complaint plausibly set forth sufficient facts to allege that defendants actions were motivated by plaintiff's use of FMLA leave); *Alvarez*

*v. Osborn Foreign & Am. Auto Parts, Inc.*, No. 3:08-CV-1822-, 2009 WL 1748085, at *2 (N.D. Tex. June 18, 2009)(Denying motion to dismiss as without merit since Plaintiff contended the violations of the FLSA were willful and filed the lawsuit within three years).

Plaintiff respectfully requests the denial of Mr. White's Renewed Motion to Dismiss [ECF. No. 20].

## MEMORANDUM AND ARGUMENT

### A. Standard of Review

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). When addressing a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; "Factual allegations must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555. If the complaint alleges enough facts to state a claim to relief that is plausible on its face, a court should deny the defendant's motion. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). Plaintiff Castro's First Amended Complaint meets this standard, and Defendant's Motion should be denied.

### B. Plaintiff's Allegations of Willfulness are Plausible on Their Face

Plaintiff's First Amended Complaint spans 28 pages and includes 182 separate factual allegations. Mr. White features individually and prominently in at least 22 of those paragraphs in addition to every paragraph where Defendants are mentioned. Ms. Castro alleges that Mr. White is her joint employer under both the FLSA and FMLA, an allegation that is not disputed in Mr. White's Motion. As such, in "economic reality" Mr. White is Fuzzy's Taco Shop and *vice versa*. Specifically, Ms. Castro relies on allegations that Mr. White, as the owner of Fuzzy's, regularly held and/or exercised the authority to: (i) hire and fire employees; (ii) supervise and/or determine work schedules or conditions of employment; (iii) set and change the rates of pay; (iv) control the finances and operations of Fuzzy's; and (v) act as the daily operations manager for Fuzzy's responsible for the day to day operations including the human resource functions for the location at which Ms. Castro was employed. *See* D.E. 20, ¶¶ 15-19. Ms. Castro additionally alleged the following:

- Plaintiff was employed by Defendants as a salaried (misclassified) exempt assistant manager and was required to work approximately 55-65 hours a week. While a manager in name only, Ms. Castro was required to spend the majority of her time performing non-exempt work duties and functions such as acting as a cashier and a cook. Ms. Castro was paid a salary and did not receive any additional compensation for her overtime hours worked in excess of 40 hours in a work week. On or about October 26, 2016, Ms. Castro disclosed she was pregnant to ***Eddie White*** and the other management. In or around November, Ms. Castro experienced severe pain in connection with her pregnancy and was advised that her baby was not attaching properly. The doctor recommended that she work reduced hours for a few weeks and also provided lifting restrictions. Ms. Castro

4

notified *Eddie White* that she would need to reduce her hours to approximately 40 hours a week, and would not be able to work the 55-65 hours she previously worked. Immediately upon finding out that Ms. Castro had a high risk pregnancy, *Eddie White* attempted to reassign Ms. Castro to a location farther away from her home, and changed Ms. Castro to an hourly manager reducing her hours to 20-25 per week instead of the 40 she requested. Ms. Castro complained about the reduction in hours, and the attempt to move her to a different location. After most of Ms. Castro's restrictions were lifted, instead of returning Ms. Castro to a full time manager, *Mr. Eddie White* further demoted Ms. Castro to an hourly cook position and removed Ms. Castro's keys and ability to arm/disarm the alarm systems for purposes of closing. Ms. Castro again complained of the way she was treated. Ms. Castro was written up, and ultimately terminated. [D.E. 18, ¶5].

- By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of Fuzzy's; (b) supervise and/or determine the work schedules or conditions of employment for the employees of Fuzzy's; (c) set and change the rates of pay; (d) control the finances and operations of Fuzzy's; and (e) handle the day to day operations including the human resources for employees, and more specifically Ms. Castro, *Eddie White*, is an employer as defined by the FLSA and the FMLA. [*Id*. ¶20].

- At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §§ 12102(1) and (2) related to her pregnancy, and/or was regarded as having a disability under 12102(3). Specifically, Plaintiff's pregnancy was high risk, requiring her to work a reduced schedule and then under doctor's orders was put on bed rest for a few days. Plaintiff made this known to Defendant and provided Defendant with a note from her physician. [Id. ¶33].

- On information and belief, *Mr. White* was responsible for the day to day operations and management of the Irving Las Colinas location where Ms. Castro worked. [*Id*.at 51].

- Plaintiff advised *Mr. White*, as well as other members of management when she learned she was pregnant. [*Id*.at 52].

- Additionally, the Plaintiff advised *Mr. White*, as well as other members of management that her pregnancy was considered a "high risk pregnancy." [*Id*.at 53].

- Ms. Castro regularly discussed management and human resource issues with *Eddie White*, and on information and belief, it was Mr. White who made decisions on behalf of Fuzzy's with respect to Ms. Castro and other employees at the Irving Las Colinas Location. [*Id*.at 54].

- The Plaintiff and her physician requested that she be placed on a 40 hour workweek schedule. This request was made to *Eddie White* as well as other members of management. [*Id*.at 55].

- Plaintiff was scheduled to work, and regularly worked between 55 and 65 hours each week that she was a misclassified exempt salaried assistant manager, until the time she was shifted to an hourly management position in November 2016. [*Id*.at 56].

5

- Plaintiff's primary job duties regularly and systematically included the performance of non-exempt cashier and cook work for which Fuzzy's paid hourly. [*Id.* at 57].

- Further, Fuzzy's also maintained an hourly assistant manager position that was identical to the position held by Plaintiff except with respect to the number of hours worked. [*Id.* at 58].

- Ms. Castro was misclassified as an exempt salaried assistant manager and did not receive overtime compensation at the federally mandated overtime rate, for all of her hours worked over forty (40) in a given work week. [*Id.* at 59].

- Defendants' failed to compensate Ms. Castro at a rate of one and one half (1.5) times her regular hourly wage for all hours worked in excess of forty (40) hours per week. [*Id.* at 60].

- As the manager responsible for day to day scheduling and salary decisions, on information and belief, **Mr. White** knew or acted with reckless disregard of the law by failing to pay Ms. Castro one and one half (1.5) times her regular hourly wage for all hours worked in excess of forty (40) hours per week. [*Id.* at 61]

- After Plaintiff requested a reduced hourly schedule to 40 hours a week, and advised ***Mr. White***, Ms. Castro's full time managerial position was taken away. [*Id.* at 62].

- Ms. Castro was reduced to an hourly position that was sometimes an hourly assistant manager position, a cashier position, or a cook position, depending on how she was scheduled. [*Id.* at 63].

- Defendants, more specifically, Mr. White, failed to provide Plaintiff with notice of her FMLA rights upon her notifying them of either her pregnancy, or her emergency need for medical care. [*Id.* at 70]

- Ms. Castro texted Mr. White and told him that she could return to work full time, and that she was released to work by her physician. [*Id.* at 72].

- Since there was no longer a need for a reduced hourly schedule, Defendants, more specifically, Mr. White, failed to return Ms. Castro to her full time managerial position even though her doctor allowed her to return to work, with minimal lifting restrictions. [*Id.* at 73].

- Further, Mr. White, in his interview with unemployment acknowledged that Ms. Castro was placed in a cashier position due to her pregnancy and pregnancy related "limitations." [*Id.* at 76]

- Mr. White had direct and actual knowledge of Ms. Castro's need for FMLA leave and failed to provide notice of her FMLA rights and terminated Ms. Castro with the knowledge that she would need FMLA protected leave in the future. [*Id.* at 93].

- Further, Mr. White had direct and actual knowledge of Ms. Castro working as a misclassified exempt managerial employee without appropriate overtime compensation and failed to correct the violation. [*Id.* at 94].

6

While Mr. White acknowledges Ms. Castro's allegations that he acted willfully, Mr. White attempts to cast such allegations as legal conclusions. To do so, one must ignore the numerous prior allegations specifically pled to support the conclusion that he acted willfully. Using the *Twombly* standard, this level of factual allegation exceeds "a speculative level," even if the Defendant disbelieves the allegations. There is more than "sheer possibility" that Mr. White has acted unlawfully. As set forth above, Ms. Castro has met her lenient pleading burden at this stage.

### C. Notwithstanding Plaintiff's Adequate Pleading the Motion Should be Denied Since Willfulness is a Factual Issue Requiring Discovery and Is Preserved by Defendant's Statute of Limitations Affirmative Defense.

The issue of willfulness is a fact question best left to a jury, and normally arises as an affirmative defense to the complaint. Here, Mr. White requests the extraordinary remedy of dismissal before any discovery has taken place. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). Other courts within the Northern District of Texas have refrained from granting dismissal, under the same or similar circumstances, due to the premature nature of such requests without the benefit of discovery since willfulness is necessarily a factual issue to be developed. *See Andrade v. Teichroeb*, 341 F. Supp. 3d 681, 686–87 (N.D. Tex. 2018)(denying the defendant's motion to dismiss at the early stage of the litigation and declining to make a determination as to whether or not Defendant's conduct was willful); *Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016)(denying motion to dismiss based on willfulness)(citing *Craven v. Excel Staffing Serv., Inc.*, 2014 WL 345682, at *5 (S.D. Tex. Jan. 30, 2014) (finding it would be premature to dismiss allegations that defendants willfully violated the FLSA at the motion to dismiss stage) and (*Albanil v. Coast 2 Coast, Inc.*, 2008 WL 4937565, at *8 (S.D. Tex. Nov. 17, 2008) ("FLSA plaintiffs are not required to prove willfulness without the benefit of

discovery")); *Perkins v. Total Bldg. Maint., Inc.*, No. 3:14-CV-2398-B, 2015 WL 1609193, at *3–4 (N.D. Tex. Apr. 7, 2015)(denying motion to dismiss since the issue of "willfulness contains a question of fact that cannot be resolved at this stage in the proceedings," and further finding that the motion to dismiss was premature.); *see also McCraney v. Oncor Elec. Delivery Co. LLC*, No. 3:18-CV-1402-L, 2019 WL 718752, at *1 (N.D. Tex. Feb. 20, 2019) (denying motion to dismiss based on limitations grounds where amended complaint plausibly set forth sufficient facts to allege that defendants actions were motivated by plaintiff's use of FMLA leave); *Alvarez v. Osborn Foreign & Am. Auto Parts, Inc.*, No. 3:08-CV-1822-, 2009 WL 1748085, at *2 (N.D. Tex. June 18, 2009)(Denying motion to dismiss as without merit since Plaintiff contended the violations of the FLSA were willful and filed the lawsuit within three years).

Plaintiff respectfully requests the denial of Mr. White's Renewed Motion to Dismiss [ECF. No. 20].

## **CONCLUSION**

Plaintiff respectfully submits that Plaintiff's First Amended Complaint is supported by sufficient factual allegations to withstand scrutiny, and therefore requests that Defendant's Motion be denied in its entirety. In the alternative, the Plaintiff respectfully requests that the Court grant leave to amend.

Respectfully submitted this 29th day of January, 2020.

Respectfully submitted by:
**MORGAN & MORGAN, P.A**.

By: **/s/ *Paul M. Botros, Esq*.**
Paul M. Botros, Esq.
TX. Bar No. 24040548
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:   (954) 318-0268
Facsimile:   (954) 327-3017
Email: pbotros@forthepeople.com
*Trial Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 29th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Paul M. Botros*
Paul M. Botros